JORDAN, ex'r, et al. v. THE BRANCH BANK AT HUNTSVILLE.

1. Where the judgment in a summary proceeding, at the suit of a Bank against its debtor, recites that a notice and certificate were produced to the court, &c., it will be intended that the notice and certificate found in the transcript, were those on which the court acted.

2. The notice described a note payable to the order of J. C. W., by him indorsed to J. W. W., and by the latter to the Bank, while the judgment described the note payable to J. C. W., by him indorsed to J. W. W., and by the said J. C.

W., to the Bank: *Held*, that the recital in the judgment, that J. C. W., indorsed the note to the plaintiff, would be regarded as a clerical misprision, amendable by a reference to the notice.

3. Where the judgment refers to, and inaccurately recites the certificate of the President of the Bank, the certificate found in the transcript may be looked to for the purpose of correcting and supporting the judgment.

WRIT of Error to the County Court of Madison.

This was a summary proceeding by notice and motion, at the suit of the Bank, against the plaintiffs in error. The notice describes the indebtedness to be a promissory note made by Jordan, as executor of G. J. Weaver, for the payment of three thousand one hundred and fifty dollars, to the order of John C. Weaver, by the latter indorsed to John W. Weaver, and by him to the plaintiffs below. The judgment entry refers to the notice as being produced to the court in proof of notice to the defendants, and describes the note as having been made by Jordan, as executor, &c., payable to the order of John C. Weaver, "indorsed by the said John C. Weaver to John W. Weaver, and by said John C. Weaver to the said Branch Bank." The certificate of the President of the Bank is recited in the judgment thus "and Stephen S. Ewing, President of said Branch Bank, producing here in open court his certificate as President of said Branch Bank." The notice was executed on Jordan and John W. Weaver and against them only has judgment been rendered.

PARSONS, for the plaintiff in error.
McCLUNG, for the defendants.

COLLIER, C. J.—1. In White, et al. v. The Branch Bank at Decatur, [1 Ala. Rep. N. S. 435,] it was determined that where the judgment recited a notice and certificate as having been produced to the court, it would be intended, that the notice and certificate found in the transcript were those before the court; and further, the recital was evidence that they had been acted on, and they might be here looked to as a part of the record. [See also Curry v. The Bank of Mobile, 8 Porter's Rep. 372.] The judgment, it is true, does not show that John W. Weaver is liable to the Bank, for it affirms that both the Bank and himself are the indorsees of John C. Weaver. But this statement in the judgment

when reference is had to the notice, which we have seen is allowable, must be regarded as a clerical misprision, and instead of John C., the reasonable intendment is, that John W. Weaver, who had become the proprietor of the note by indorsement of the payee, was the immediate indorser of the Bank. The notice being made part of the record, it is regular to refer to it, as where a declaration is filed in the ordinary course of proceeding; and in such a case it would be permissible to correct the recital of a judgment where the mistake was merely in a middle name, by looking back to the cause of action stated by the plaintiff.

2. The recital of the certificate of the President of the Bank, does not show, that it was such as the law required. It omits to state that the note was really and *bona fide* the property of the Bank; nor does it appear, that these words were substituted by others of equivalent import. The certificate which makes part of the transcript, is as follows: "I, S. S. Ewing, President of the Branch of the Bank of the State of Alabama at Huntsville, certify that the within described debt, is really and *bona fide*, the property of said Branch Bank, 24th February, 1842." The certificate is set out immediately after the notice, and appears to have been made thereon, and to refer to the note on which the parties are informed that a motion will be made against them. This being the case, the certificate sufficiently cures its defective recital in the judgment, and identifies the debt.

There is no error shown, and the judgment is consequently affirmed.